UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER C. TAYLOR, #311226,

    Plaintiff,

                                  Case No. 4:18-cv-10596
v.                                Honorable Linda V. Parker

LIVONIA POLICE DEPARTMENT,
SGT. CAIDE, & CITY OF LIVONIA,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING, AS MOOT, MOTION FOR APPOINTMENT OF COUNSEL

### I. Introduction

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Peter C. Taylor ("Plaintiff"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, alleges his constitutional rights were violated during his state criminal proceedings. In particular, he asserts that the investigating officer provided false testimony during court proceedings and violated his rights during interrogations. He names the Livonia Police Department, Livonia Police Sergeant Caide, and the City of Livonia as the defendants in this action. He sues the defendants in their personal and official capacities and seeks

1

monetary damages and other relief. Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R.

Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to summary dismissal.

First,  Plaintiff names the Livonia Police Department as a defendant in this action.  That body, however, is not an entity subject to suit under § 1983.  *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120

3

(6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Edward v. Jail*, 2:16-cv-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is an agency of the city and not a proper defendant in a § 1983 action). Plaintiff's claims against the Livonia Police Department must, therefore, be dismissed.

Second, any claims against the City of Livonia must be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of the City of Livonia in the events giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff makes no such factual allegations against the City of Livonia. Plaintiff also does not allege facts showing that any claimed injury is the result of any policy or regulation, or that any improper conduct arose from the deliberate

4

failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a claim upon which relief may be granted against the City of Livonia.

Further, as to Plaintiff's allegation that Sgt. Caide gave false testimony at Plaintiff's trial, Sgt Caide benefits from absolute immunity. The United States Supreme Court stated in *Briscoe v. Lahue*, 460 U.S. 325, 343 (1983) that a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation.

> Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors, "could be expected with some frequency." Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses.

*Briscoe*, 460 U.S. at 343; *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) ("'all witnesses -- police officers as well as lay witness -- are absolutely

immune from civil liability based on their trial testimony in judicial proceedings.' *Briscoe*, 460 U.S. at 328. A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been.'")

In any event, Plaintiff's complaint must be dismissed because he challenges the validity of his state criminal proceedings in his complaint, which fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success

6

in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.  Consequently, his claims are barred by *Heck* and must be dismissed.

### III.  Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the complaint is **DISMISSED WITH PREJUDICE**.  Given this determination, the Court **DENIES, as moot,** Plaintiff's motion for appointment of counsel.  Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 18, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager